

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE NORGLE

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 12 CR 829 |
| | ) | |
| v. | ) | Violations: 18 U.S.C. §§ 371, 1956(a)(2)(A), |
| | ) | & 1956(h); 50 U.S.C. §§ 1705(a) & 1705(c); |
| HSIEN TAI TSAI, | ) | and 31 C.F.R. §§ 544.201 & 544.205 |
| also known as "Hsein Tai Tsai" | ) | |
| also known as "Alex Tsai" | ) | |
| | ) | |
| and | ) | |
| | ) | |
| YUEH-HSUN TSAI, | ) | |
| also known as "Gary Tsai" | ) | |

**FILED**

JUN - 6 2013

**COUNT ONE**

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

The SPECIAL SEPTEMBER 2012 GRAND JURY charges:

1.     At times material to this Indictment:

        a.      HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai" (hereafter "ALEX TSAI"), was a resident of Taiwan; ALEX TSAI conducted business in the United States and Taiwan, among other countries, buying, selling, and procuring machine tools and other products through Taiwan-based businesses known as Trans Merits Co., Ltd. ("Trans Merits"), Global Interface Company, Inc. ("Global Interface"), and Trans Multi Mechanics Co., Ltd. ("Trans Multi Mechanics");

        b.      YUEH-HSUN TSAI, also known as "Gary Tsai" (hereafter "GARY TSAI"), was a legal permanent resident of the United States, residing in Glenview, Illinois; GARY TSAI conducted business on behalf of Trans Merits, Global Interface, and Trans Multi Mechanics in the United States and abroad; GARY TSAI is ALEX TSAI's son;

        c.      Company LM was an Illinois corporation based in Lincolnshire, Illinois;

d.    A Bryant Center Hole Grinder is a precision machine tool used to grind a center hole, with precisely smooth sides, between .050 inches and 2 inches in diameter;

e.    Citibank and J.P. Morgan Chase Bank were U.S. based financial institutions with offices located throughout the United States, including in the Northern District of Illinois;

f.    First Commercial Bank was a financial institution with offices located in Taiwan; and

g.    On or about October 14, 2009, GARY TSAI established an account at J.P. Morgan Chase Bank, no. xxxxx9423, in the name of "Gary's Global Interface" (the "Global Interface Account").

2.    At times material to this Indictment:

a.    The International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Sections 1701-1707, authorized the President of the United States to impose economic sanctions in response to an unusual or extraordinary threat to the national security, foreign policy, or economy of the United States when the President declares a national emergency with respect to that threat;

b.    On November 14, 1994, the President issued Executive Order 12938, finding "that the proliferation of nuclear, biological, and chemical weapons ('weapons of mass destruction') and of the means of delivering such weapons, constitutes an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and [declaring] a national emergency to deal with that threat."

c.    On June 28, 2005, the President issued Executive Order 13382 ("Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters"), to target proliferators

2

of weapons of mass destruction ("WMD") and their support networks and deny designated WMD proliferators access to the U.S. financial and commercial systems. To implement that order, Executive Order 13382 authorized the United States Secretary of Treasury, in consultation with the Secretary of State, "to take such actions, including the promulgation of rules and regulations, as may be necessary to carry out the purposes" of the Executive Order. Pursuant to that authority, the Secretary of Treasury promulgated the "Weapons of Mass Destruction Proliferators Sanctions Regulations" (the "WMD Sanction Regulations"), 31 C.F.R. § 544.201 *et seq.*

      d.    Among other things, Executive Order 13382 and the WMD Sanction Regulations:

      (i)    authorized the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") to sanction individuals and entities facilitating the proliferation of WMDs by placing such individuals or entities on the List of Specially Designated Nationals and Blocked Persons (the "SDN List"); 31 C.F.R. § 544.201(a)(2);

      (ii)    prohibited transactions or dealings, except as authorized or licensed by OFAC, by any U.S. person or within the United States with individuals and entities who have been placed on the SDN list, including: (a)"The making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person [on the SDN list]"; and (b) "The receipt of any contribution or provision of funds, goods, or services from any person [on the SDN list]"; 31 C.F.R. § 544.201(b); and

      (iii)    prohibited any transaction by a U.S. person or within the United States that evades or avoids, has the purpose of evading or avoiding, or attempts to violate any of the prohibitions set forth in Executive Order 13382 and the WMD Sanction Regulations, 31 C.F.R.

§ 544.205;

e.      Pursuant to Executive Order 13382 and the WMD Sanction Regulations, a U.S. person could not provide financial, brokering, freight forwarding, transportation, or other services to a person or entity on the SDN list, except as authorized or licensed by OFAC; 31 C.F.R. § 544.405;

f.      For purposes of Executive Order 13382 and the WMD Sanction Regulations, a "U.S. person" included a permanent resident alien, any person in the United States, and any entity organized under the laws of the United States or any jurisdiction within the United States; 31 C.F.R. § 544.312;

g.      On or about January 16, 2009, OFAC designated ALEX TSAI, Trans Merits, and Global Interface pursuant to Executive Order 13382 as Specially Designated Nationals in connection with the proliferation of weapons of mass destruction.

h.      At no time after those designations did ALEX TSAI, Trans Merits, or Global Interface apply for, receive, or possess a license or authorization from OFAC to engage in any transactions or dealings with a U.S. person or within the United States.

i.      At no time after those designations did GARY TSAI apply for, receive, or possess a license or authorization from OFAC to engage in any transactions or dealings with a Specially Designated National.

3.      Beginning no later than in or about August 2009 and continuing until in or about August 2010, in the Northern District of Illinois, and elsewhere,

HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
YUEH-HSUN TSAI, also known as "Gary Tsai,"

4

defendants herein, knowingly conspired with each other, and with others known and unknown to the grand jury, to defraud the United States Department of the Treasury and the United States government by interfering with and obstructing a lawful government function, that is, the enforcement of Executive Order 13382 and the WMD Sanction Regulations, by deceit, craft, trickery, and dishonest means.

## MANNER AND MEANS OF THE CONSPIRACY

4.     It was part of the conspiracy that, after the OFAC designations, ALEX TSAI, GARY TSAI, and others continued to conduct business through the U.S. financial and commercial systems for the benefit of ALEX TSAI, Trans Merits, and Global Interface.  In order to interfere and obstruct the U.S. government's efforts to block ALEX TSAI, Trans Merits, and Global Interface from accessing the U.S. financial and commercial systems, ALEX TSAI, GARY TSAI, and others concealed the involvement of ALEX TSAI, Trans Merits, and Global Interface in post-designation transactions by, among other things, using alias email accounts and front companies.

5.     It was further part of the conspiracy that ALEX TSAI, GARY TSAI, and others attempted to evade the ban and prohibitions imposed on ALEX TSAI, Trans Merits, and Global Interface after they were designated proliferators of weapons of mass destruction by exporting goods from the United States to Trans Multi Mechanics and concealing the involvement of ALEX TSAI in the export transactions.

6.     It was further part of the conspiracy that ALEX TSAI, GARY TSAI, and others attempted to evade the ban and prohibitions imposed on ALEX TSAI, Trans Merits, and Global Interface after they were designated proliferators of weapons of mass destruction by importing goods to the United States and concealing the involvement of ALEX TSAI and Trans Merits in those

import transactions.

7. It was further part of the conspiracy that ALEX TSAI and GARY TSAI attempted to evade the ban and prohibitions imposed on ALEX TSAI, Trans Merits, and Global Interface after they were designated proliferators of weapons of mass destruction by transmitting money into the United States and through a U.S. financial institution in the name of a third-party and concealing the involvement of ALEX TSAI in the financial transactions.

8. It was further part of the conspiracy that ALEX TSAI, GARY TSAI, and others communicated through various email accounts to conduct business in the United States.

9. It was further part of the conspiracy that GARY TSAI at various times conducted business with ALEX TSAI, Trans Merits, and Global Interface using the name Factory Direct Machine Tools.

## OVERT ACTS

10. In furtherance of this conspiracy, and to accomplish its objectives, defendants performed and caused to be performed the following overt acts, among others:

a. On or about August 21, 2009, GARY TSAI sent an email to Company LM regarding the purchase of a Bryant Center Hole Grinder.

b. On or about August 26, 2009, GARY TSAI visited Company LM to inspect the Bryant Center Hole Grinder.

c. On or about August 31, 2009, GARY TSAI visited Company LM to inspect the Bryant Center Hole Grinder.

d. On or about August 31, 2009, GARY TSAI sent an email to Company LM, instructing Company LM to prepare an invoice and bill of lading for the purchase of the Bryant

6

Center Hole Grinder, with the purchasing company being Trans Multi Mechanics.

        e.      On or about September 1, 2009, GARY TSAI sent an email to ALEX TSAI and Trans Merits, forwarding a copy of the commercial invoice for the Bryant Center Hole Grinder.

        f.      On or about September 1, 2009, GARY TSAI and ALEX TSAI caused an employee at Company LM to file a Shipper's Export Declaration with the U.S. government that falsely stated that the end user was "Trans Multi Mechanics" and that no license was required to export the Bryant Center Hole Grinder

        g.      On or about September 2, 2009, GARY TSAI sent an email to ALEX TSAI and Trans Merits, requesting that ALEX TSAI arrange payment for the Bryant Center Hole Grinder.

        h.      On or about September 2, 2009, ALEX TSAI and GARY TSAI caused $6,500.00 to be wire transferred from the Global Interface Account to a bank account maintained by Company LM for the purchase of the Bryant Center Hole Grinder.

        i.      On or about September 4, 2009, ALEX TSAI caused a wire transfer of $7,200.00 to be sent from Trans Multi Mechanic's bank account at First Commercial Bank to GARY TSAI's bank account at Citibank to pay for the Bryant Center Hole Grinder.

        j.      On or about September 23, 2009, ALEX TSAI, GARY TSAI, and others caused Company LM to export the Bryant Center Hole Grinder from the United States to Trans Multi Mechanics in Taiwan.

        k.      On or about October 21, 2009, ALEX TSAI caused a wire transfer in the amount of approximately $66,975.00 to be sent from an account in the name of Individual HHT at First Commercial Bank in Taipei, Taiwan, to GARY TSAI's Citibank account in the United States.

        l.      In or about December 2009, ALEX TSAI used a new email address to conduct

business.

      m.      On or about January 6, 2010, GARY TSAI sent an email to ALEX TSAI and Individual DH regarding the potential importation of LED road lights into the United States.

      n.      On or about January 28, 2010, ALEX TSAI caused an email to be sent to GARY TSAI, attaching a revised pricing list for the LED road lights.

      o.      On or about February 1, 2010, ALEX TSAI caused a wire transfer in the amount of approximately $49,975.00 to be sent from an account in the name of Individual HHT at First Commercial Bank in Taipei, Taiwan, to GARY TSAI's Citibank account in the United States.

      p.      On or about August 15, 2010, GARY TSAI sent an email to ALEX TSAI and Trans Merits, requesting assistance in procuring an oil pump for importation into the United States.

      q.      Sometime on or before August 18, 2010, ALEX TSAI and Trans Merits procured an oil pump for GARY TSAI.

      r.      On or about August 18, 2010, ALEX TSAI caused an email to be sent to GARY TSAI, informing GARY TSAI that the oil pump had been shipped to the United States.

      s.      Sometime on or after August 18, 2010, ALEX TSAI and Trans Merits caused the importation of an oil pump into the United States;

      In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.     The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.     Beginning no later than in or about August 2009 and continuing until at least in or about August 2010, in the Northern District of Illinois and elsewhere,

HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly and willfully conspired with each other and others, known and unknown to the grand jury, to: (a) evade and avoid the prohibitions and restrictions imposed by the Office of Foreign Assets Control, United States Department of Treasury, on HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and Trans Merits Co., Ltd., as proliferators of weapons of mass destruction; (b) make a contribution and provision of funds, goods, and services to and for the benefit of any individual and entity whose property and interests have been blocked as a proliferator of weapons of mass destruction by the Office of Foreign Assets Control, United States Department of Treasury, namely, HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and Trans Merits Co., Ltd.; and (c) receive a contribution and provision of funds, goods, and services from any individual and entity whose property and interests have been blocked as a proliferator of weapons of mass destruction by the Office of Foreign Assets Control, United States Department of Treasury, namely, HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and Trans Merits Co., Ltd.

## MANNER AND MEANS OF THE CONSPIRACY

3.      The allegations in Paragraphs 4 through 9 of Count One are incorporated and re-alleged as though fully stated herein.

## OVERT ACTS

4.      The allegations in Paragraph 10 of Count One are incorporated and re-alleged as though fully stated herein.

In violation of 50 U.S.C. §§ 1705(a) and (c), and Title 31, Code of Federal Regulations, Parts 544.201 and 544.205.

## COUNT THREE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.      Beginning in or about August 2009 and continuing until in or about September 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly and willfully engaged in a transaction that evaded and avoided, and had the purpose of evading and avoiding, prohibitions and restrictions imposed by the Office of Foreign Assets Control, United States Department of Treasury, on HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and Trans Merits Co., Ltd., as proliferators of weapons of mass destruction, namely, the exportation of a Bryant Center Hole Grinder from the United States to Taiwan;

In violation of Title 50, United States Code, Section 1705(a) and (c), and Title 31, Code of Federal Regulations, Parts 544.201 and 544.205.

## **COUNT FOUR**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.      Beginning in or about August 2009 and continuing until in or about September 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

> HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
> YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly and willfully made and caused to be made a contribution and provision of funds, goods, and services, specifically a Bryant Center Hole Grinder, to and for the benefit of any individual and entity whose property and interests in property have been blocked as a proliferator of weapons of mass destruction by the Office of Foreign Assets Control, United States Department of Treasury, namely, HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and Trans Merits Co., Ltd.;

In violation of Title 50, United States Code, Section 1705(a) and (c); Title 31, Code of Federal Regulations, Parts 544.201; and Title 18, United States Code, Section 2.

## COUNT FIVE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.      On or about October 21, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

> HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
> YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly and willfully engaged in a transaction that evaded and avoided, and had the purpose of evading and avoiding, prohibitions and restrictions imposed by the Office of Foreign Assets Control, United States Department of Treasury, on HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai,", as a proliferator of weapons of mass destruction, namely, the wire transfer of approximately $66,975.00 from an account at First Commercial Bank in Taiwan to an account at Citibank in the United States;

In violation of Title 50, United States Code, Section 1705(a) and (c), and Title 31, Code of Federal Regulations, Parts 544.201 and 544.205.

## COUNT SIX

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.     The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.     On or about October 21, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

>     HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
>     YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly and willfully received and caused to be received a contribution and provision of funds, goods, and services, namely, approximately $66,975.00, from any individual or entity whose property and interests in property have been blocked as a proliferator of weapons of mass destruction by the Office of Foreign Assets Control, United States Department of Treasury, namely, HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai";

In violation of Title 50, United States Code, Section 1705(a) and (c); Title 31, Code of Federal Regulations, Parts 544.201; and Title 18, United States Code, Section 2.

## COUNT SEVEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.      On or about February 1, 2010, in the Northern District of Illinois, Eastern Division, and elsewhere,

HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly and willfully engaged in a transaction that evaded and avoided, and had the purpose of evading and avoiding, prohibitions and restrictions imposed by the Office of Foreign Assets Control, United States Department of Treasury, on HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai,", as a proliferator of weapons of mass destruction, namely, the wire transfer of approximately $49,975.00 from an account at First Commercial Bank in Taiwan to an account at Citibank in the United States;

In violation of Title 50, United States Code, Section 1705(a) and (c), and Title 31, Code of Federal Regulations, Parts 544.201 and 544.205.

## COUNT EIGHT

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.      On or about February 1, 2010, in the Northern District of Illinois, Eastern Division, and elsewhere,

> HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
> YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly and willfully received and caused to be received a contribution and provision of funds, goods, and services, namely, approximately $49,975.00, from any individual or entity whose property and interests in property have been blocked as a proliferator of weapons of mass destruction by the Office of Foreign Assets Control, United States Department of Treasury, namely HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai";

In violation of Title 50, United States Code, Section 1705(a) and (c); Title 31, Code of Federal Regulations, Parts 544.201; and Title 18, United States Code, Section 2.

## COUNT NINE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.      In or about September 2009, in the Northern District of Illinois and elsewhere,

> HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
> YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly conspired with each other, and with others, known and unknown, to commit an offense against the United States in violation of Title 18, United States Code, Section 1956, specifically, to transmit and transfer funds, namely, approximately $7,200.00, from a place outside the United States, namely,Taiwan, to a place in the United States, with the intent to promote the carrying on of specified unlawful activity, namely, the offenses charged in Counts Three and Four of this Indictment, in violation of Title 18, United States Code, Sections 1956(a)(2)(A);

All in violation of Title 18, United States Code, Sections 1956(h).

## **COUNT TEN**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.      The allegations in Paragraphs 1 and 2 of Count One are incorporated and re-alleged as though fully stated herein.

2.      On or about September 4, 2009, in the Northern District of Illinois and elsewhere,

> HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
> YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, knowingly and willfully transmitted and transferred funds, namely, approximately $7,200.00, from a place outside the United States, namely, Taiwan, to a place in the United States, with the intent to promote the carrying on of specified unlawful activity, namely, the offenses charged in Counts Three and Four of this Indictment;

In violation of Title 18, United States Code, Sections 1956(a)(2)(A).

# FORFEITURE ALLEGATION ONE

1. The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of any of the offenses alleged in Counts One through Eight of this Indictment,

> HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
> YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violations. The property to be forfeited includes, but is not limited to, the following: $124,150.00.

3. If any of the property described above, as a result of any act or omission of the defendants:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third party;

     c.     has been placed beyond the jurisdiction of the court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION TWO

1.  The allegations contained in Counts Nine and Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2.  Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956,

> HSIEN TAI TSAI, also known as "Hsein Tai Tsai" and "Alex Tsai," and
> YUEH-HSUN TSAI, also known as "Gary Tsai,"

defendants herein, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: $7,200.00.

3.  If any of the property described above, as a result of any act or omission of the defendants:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third party;

     c.    has been placed beyond the jurisdiction of the court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY